IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TOJUANNA RHEUNEA BROWN,**

      Plaintiff,

v.                                                                                                       Civil Action No. **3:15cv542**

**TERENCE RICHARD MCAULIFFE,**
**Governor, Commonwealth of Virginia,**
**and**
**BARACK HUSSEIN OBAMA II,**
**President, United States of America,**

      Defendants.

### MEMORANDUM OPINION

On September 8, 2015, Plaintiff Tojuanna Brown, proceeding *pro se*, submitted a "Motion to Proceed and Pronouncement," which the Court liberally construes as a motion to proceed *in forma pauperis*, and a "Petition or Complaint (which ever is proper)."[1] (ECF Nos. 1, 1-1.) Upon due consideration of Brown's request and 28 U.S.C. § 1915(a)(1),[2] the Court will grant Brown's motion to proceed. (ECF No. 1.) Brown may proceed in this case without

---

[1] Brown's filings utilize unconventional and unpredictable capitalization, grammar, and spelling. Unless otherwise noted, the Court quotes directly from Brown's filings, preserving all errors as written in the original document.

[2] The statute reads, in pertinent part:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (2015).

payment of the Court's filing fee. The Court will direct the Clerk to file the Complaint. (ECF No. 1-1.)

On October 13, 2015, Brown filed a "Request for Recusal." (ECF No. 3.) On October 19, 2015, Brown filed a "Notice for Immediate Injunction/Order to Protect and Request to include [sic] Additional Parties" (the "Motion for Injunction" and "Motion for Joinder"). (ECF No. 4.) For the following reasons, the Court will dismiss this action for lack of subject matter jurisdiction. To the extent necessary, the Court will deny the Request to Recuse, the Motion for Injunction, and the Motion for Joinder. (ECF Nos. 3, 4.)

## I. Analysis

### A. Pro Se Pleadings

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). However, a *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

### B. Affidavit to Proceed *In Forma Pauperis*

Brown's "Motion to Proceed and Pronouncement" does not meet the technical requirements to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Nevertheless, the Court will grant the motion in this instance. (ECF No. 1.) Section 1915(a)(1) allows a court to authorize commencement of a civil action without payment of fees when a person "submits an

2

affidavit that includes a statement of all assets such prisoner[3] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When a person is required to submit statements via affidavit, the person may do so without a true affidavit when he or she states in writing the following statement or a statement in substantially the same form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2).

Brown offers a "pronouncement in lieu of affidavit." (Mot. Proceed 2, ECF No. 1.) Her "pronouncement" states:

> In respect of the true court, I have no funds or items under the Roman Death Cult or covered by Fiduciary Laws under Scientiam Mysteria (Occult Knowledge) and it would be inappropriate to offer such after March 14, 2013, when Roman Death Cult was outlawed and replaced by Catholic Church. There are no Federal Reserve notes, real money or tangibles to trade or be valued for Federal Reserve notes to pay for this matter yet, and all things real to include land, mind, body and spirit are outside the realm of artificial or laws. I/we are entitled to relief.
>
> It is agreed, under penalty of perjury under your supreme laws to include 1783, Treaty, by which the original 13 sacred feminine lands of the united states of America were declared sovereign, free and independent, that the foregoing is true and correct based on current knowledge. Executed on 08 September 2015 on sacred, sovereign, free and independent lands.

(Mot. Proceed 3.)

Brown did not submit an affidavit pursuant to § 1915(a)(1). Further, her "pronouncement" does not technically conform to 28 U.S.C. § 1746(2). Therefore, Brown cannot satisfy either § 1915(a)(1) or § 1746(2). However, in the interests of justice, the Court will grant Brown's Motion to Proceed in this instance. The Court warns Brown that any future motions to proceed *in forma pauperis* must comply with the applicable federal statutes.

---

[3] *Michau v. Charleston Cty, S.C.*, 434 F.3d 725, 728 (4th Cir. 2005) ("[Section 1915 governs [*in forma pauperis*] filings in addition to complaints filed by prisoners").

### C. The Court Lacks Subject-Matter Jurisdiction

As stated, the Court will, in this instance, allow Brown's "Motion to Proceed and Pronouncement" to be filed. However, the Court must dismiss the action for lack of subject-matter jurisdiction.

"Federal courts are not courts of general jurisdiction."[4] *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Id.* (quoting *Bender*, 475 U.S. at 541). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.* (citing *Bender*, 475 U.S. at 541). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Nails v. Advance Auto Parts*, No. 7:15cv349, No. 2015 WL 6072571, at *2 (W.D. Va. Oct. 15, 2015) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999)). If the plaintiff fails to establish subject matter jurisdiction, the Court must dismiss the complaint. *Id.* (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Court of Appeals for the Fourth Circuit provides a succinct overview of the two primary types of federal subject matter jurisdiction:

> Federal jurisdiction may lie either on the basis of diversity of citizenship, 28 U.S.C. § 1332, or the existence of a federal question, 28 U.S.C. § 1331. A federal court may exercise federal question jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States." "Under the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the

---

[4] The two most common types of subject matter jurisdiction are federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Section 1331 states in full: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 states, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

plaintiff's statement of his [or her] own cause of action shows that it is based upon federal law." Thus, to determine whether an action arises under the laws of the United States, a court must examine the operative pleading to "discern whether federal or state law creates the cause of action" and, if the claim is not created by federal law, whether "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." To support federal jurisdiction, the federal question must be substantial, not frivolous or pretextual.

*Ball v. Stylecraft Homes, LLC*, 564 F. App'x 720, 721–22 (4th Cir. 2014) (citations omitted).

Based on the facts alleged in her "Complaint," Brown primarily takes issue with an arrest for trespassing in 2012, an eviction that took place in 2010, past threatened foreclosure, utility cut-offs, and having been fired from an unnamed job. (Compl. 11, 13–15.) Brown apparently struggles to meet her monetary obligations. Her filings suggest that she does not recognize any currency as valid other than gold or silver. (*See, e.g.*, Compl. 13 (noting that a job is akin to the government forcing a person to "labor[ ] as livestock . . . under Corporations as if human capital (live stock Anglo-saxon) to earn counterfeit money"); *id.* at 18 (seeking restitution in the form of gold).)

The "Complaint's" deficiencies fall well short of Brown's burden of demonstrating that this Court has subject matter jurisdiction. She cannot show that federal law "creates [her] cause of action" or that her "right to relief necessarily depends on resolution of a substantial question of federal law." *Ball*, 564 F. App'x at 721–22 (citations omitted). First, Brown's claims attempt to provide a defense to prior actions for unlawful detainer and foreclosure. (Compl. 11, 13–15.) Such actions solely arise under Virginia statutory law. *See, e.g.*, Va. Code §§ 8.01-124 to -130; *id.* §§ 55-59 to -66. Accordingly, federal law does not create her cause of action.

Second, Brown has made no colorable showing that her "right to relief necessarily depends on resolution of a substantial question of federal law." *Ball*, 564 F. App'x at 721

5

(citation omitted). Brown's single reference to 28 U.S.C. § 1331[5] and reliance on various irrelevant 18th and 19th century treaties and Roman civil canons cannot confer federal question subject matter jurisdiction over her case. *See id.* at 722 (affirming district court's dismissal of complaint for lack of subject matter jurisdiction, rejecting plaintiff's attempt to invoke federal question jurisdiction through plaintiff's vague mention of "interstate commerce"); *Nails*, 2015 WL 6072571, at *2–3 (dismissing complaint for lack of subject matter jurisdiction despite superficial reference to the United States Constitution). Therefore, her rights to relief do not depend on resolution of a substantial question of federal law. Accordingly, Brown has not met her burden to demonstrate federal question jurisdiction. This Court must dismiss Brown's action for lack of subject matter jurisdiction.

### D.  The Court Denies the Motion to Recuse

Even if the Court possessed jurisdiction to entertain Brown's action, the Court would deny Brown's Motion to Recuse. In support of her Motion to Recuse, Brown argues that the undersigned has taken more time to address her complaints than did "the Anglo-Saxon men" in her "past experiences with Federal court." (Mot. Recuse 1, ECF No. 3.) Brown avers that her present Complaint has been pending before this Court since July 2015. (Mot. Recuse 1.) Brown also states that the undersigned lacks experience in matters involved in the present case, and cannot preside because this judge is not a "real Anglo-Saxon man." (Mot. Recuse 3.)

Brown's Motion to Recuse fails to state any grounds for recusal. Even construing her filing liberally, this Court finds no basis for recusal. A judge should disqualify himself or herself

---

[5] Although Brown does not invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332, any argument to that effect would necessarily fail. "Diversity jurisdiction exists when complete diversity of citizenship exists among the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs." *Skeens v. Alpha Nat. Res., Inc.*, 583 F. App'x 200, 201 (4th Cir. 2014) (citing 28 U.S.C. § 1332(a)). Brown's complaint does not demonstrate that the amount in controversy exceeds $75,000 or that the parties are diverse. Accordingly, she has not met her burden to show that diversity jurisdiction exists. *Id.*

for, among other reasons, the appearance of impartiality, personal bias or prejudice concerning a party, or previous experience as a lawyer on the matter in controversy. 28 U.S.C. § 455. Brown does not raise any of the statutory grounds for recusal. Not only do they lack merit, but Brown's statements regarding delay also fail to take into account that the July 2015 filings are not a part of the case at bar. Instead, they formed a separate case, which the Court dismissed on September 8, 2015. *See Brown v. McAuliffe*, No. 3:15cv411 (E.D. Va. Sept. 8, 2015). Further, the Court finds no authority requiring recusal of a judge based on gender, and the Court will decline the opportunity to make such a finding. Accordingly, the Court denies Brown's Motion to Recuse. (ECF No. 3.)

### E. The Court Denies the Motion for Injunction

Even if it had jurisdiction to consider Brown's Motion for Injunction, the Court would deny it because Brown fails to establish that she is entitled to such an extraordinary remedy. She primarily seems to take issue with past or future evictions or utility cutoffs. Seeking to add new parties, Brown "request[s] all my utilities remain on or be turned on (gas, water, electricity) which are essential to my survival." (Mot. Injunction & Joinder 3, ECF No. 4.) Brown also asks that "all those Federal (state and local), alien and foreign corporations (and persons) . . . whose names are written in any of my communications to your courts be stripped of their credentials, all licenses and removed from the sacred land including the territories asap." (*Id.*)

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). In the Court's analysis of a motion for a preliminary injunction, the plaintiff must demonstrate each of the following factors: (1) the likelihood of success on the merits; (2) the

7

likelihood of irreparable harm to the plaintiff in the absence of preliminary injunctive relief; (3) the balance of equities favors the plaintiff; and, (4) the injunction serves the public interest. *Winter*, 555 U.S. at 20;[6] *Real Truth*, 575 F.3d at 346. The plaintiff must demonstrate each factor by a "clear showing." *Winter*, 555 U.S. at 22. Plaintiff's failure to show any of the relevant factors mandates denial of the preliminary injunction. *Real Truth*, 575 F.3d at 346.

As discussed above, this federal Court has no jurisdiction over Brown's claims. Therefore, Brown cannot demonstrate any likelihood of success on the merits. Indeed, Brown fails to make a showing for any of the mandatory factors required for preliminary injunctive relief. Accordingly, the Court denies the Motion for Injunction. (ECF No. 4.)

### F. Brown Makes No Showing that Joinder Would Be Proper

As part of her Motion for Injunction, Brown seeks to name additional defendants. Even if this Court could hear Brown's Motion for Injunction, her attempt to join these defendants would founder. She seeks to add as defendants David Han Solodar of "Solodar Properties, LLC;"[7] Dwight Jones, Mayor of the City of Richmond, Virginia; Thomas Farrell, II, "President and CEO of Dominion Virginia Power;" and, John G. Stumpf of "Wells Fargo Mortgage."[8]

---

[6] "Before the Supreme Court's decision in *Winter*, the standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977), governed the grant or denial of preliminary injunctions in the Fourth Circuit." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010).

[7] Solodar Properties, LLC appears to operate as a real estate company with some connection to Brown's past foreclosures or evictions. (*See* Mot. Injunction 2.)

[8] Brown's filings do not address Stumpf's role in her attempted causes of action or his position with "Wells Fargo Mortgage." Brown likely intends to refer to John G. Stumpf, Chairman, President, and CEO of Wells Fargo & Co. Wells Fargo, *John G. Stumpf*, https://www.wellsfargo.com/about/corporate/governance/stumpf/ (last visited November 6, 2015).

8

(Mot. Injunction & Joinder 1.) Like her "Complaint," Brown's Motion for Joinder appears to seek redress for past or future foreclosures, evictions, and utility cutoffs.

Federal Rule of Civil Procedure 20 governs permissive joinder, and it provides, in pertinent part:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
>
> > **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

As discussed above, Brown's "Complaint" utterly fails to articulate any right to relief cognizable in this Court. She thus cannot state any right to joint relief against additional defendants. Accordingly, the Court denies Brown's Motion for Joinder. (ECF No. 4.)

## II. Conclusion

For the reasons articulated above, the Court grants Brown's Motion to Proceed *in forma pauperis*. (ECF No. 1.) The Court denies the Motion to Recuse. (ECF No. 3.) The Court denies the Motion for Injunction and the Motion for Joinder. (ECF No. 4.) Finally, the Court dismisses this action for lack of subject matter jurisdiction.

An appropriate Order will follow.

/s/
M. Hannah Lauck
United States District Judge

Date: Nov. 6, 2015
Richmond, Virginia